UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Shaheen Cabbagestalk,# 295567, | ) C/A No. 5:13-3036-RMG-KDW |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| | ) |
| SC Dept of Corrections Head Classification Personal, | ) |
| | ) |
| Defendants. | ) |
| | ) |

This case is before the court on a pro se Complaint filed by a state prison inmate.[1] Shaheen Cabbagestalk ("Plaintiff") filed a Motion for Leave to Proceed *in forma pauperis* under 28 U.S.C. § 1915. ECF No. 2. Plaintiff's Motion should be denied, and his Complaint should be dismissed if he fails to timely pay the full filing fee because Plaintiff is subject to the so-called "three-strikes" rule of the Prison Litigation Reform Act (PLRA), and he does not allege that he is under imminent danger of serious physical injury.

The three-strikes rule, codified at 28 U.S.C. § 1915(g), provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This three-strikes rule was enacted to bar prisoners, such as Plaintiff, who have filed prior frivolous litigation in a federal court, from pursuing certain types of federal civil

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

litigation without prepayment of the filing fee. To avoid application of 28 U.S.C. § 1915(g), a prisoner may prepay the filing fee in full. However, Plaintiff should be aware that all civil lawsuits brought by prisoners seeking relief from a governmental entity, officer, or employee are subject to screening pursuant to 28 U.S.C. § 1915A, even those lawsuits in which the full filing fee is paid at the time of filing. *See Green v. Young*, 454 F.3d 405, 407 (4th Cir. 2006).

Plaintiff is incarcerated at the Lee Correctional Institution, part of the South Carolina Department of Corrections ("SCDC"). In the civil Complaint now under review, he contends that he is being held in prison under a sentence that is allegedly wrongly classified, requiring him to serve 85% of the sentence. Compl. 3, ECF No. 1. He asserts that he is being "falsely imprisoned" on the sentence because a South Carolina legislative bill introduced during the 2001 legislative session ("H.3141") that, according to Plaintiff, would have created the "85% service rule" for his conviction was never formally passed. *Id*. As a result, he contends that this court should direct SCDC to reclassify him under a former South Carolina statute that he believes required that inmates serve only 51% of their sentence. *Id*. Although his allegations are, for the most part, directed towards the SCDC's post-incarceration actions in classifying him and requiring him to serve 85% of his sentence, he also says that state court judges should not be allowed to sentence defendants under the allegedly "unpassed" 85% bill. *Id*. In addition to reclassification by SCDC, he asks to be "released from this entire fraudulent null, void sentence given relief immediately from this." *Id*. at 5.

This is the 15th civil action Plaintiff has filed in this court since May 2006. This court may take judicial notice[2] of the three civil actions filed in this court by Plaintiff in which a "strike" has

---

[2] *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("'[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.'").

been entered based on 28 U.S.C. § 1915(g) because the civil actions were finally dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *Cabbagestalk v. Headquarters Classifications*, Civil Action No. 3:08-cv-03982-SB; *Cabbagestalk v. Richstad*, Civil Action No. 3:09-cv-01834-SB; and *Cabbagestalk v. SC Bar Head Person of Establishment*, Civil Action No. 5:13-cv-03037-RMG.

In light of Plaintiff's prior strikes, he cannot proceed with the instant Complaint unless his claim satisfies the exception for imminent physical harm provided by the three-strikes rule. *See* 28 U.S.C. § 1915(g); *Blakely v. Wards*, 738 F.3d 607, 610-11 (4th Cir. 2013); *McLean v. United States,* 566 F.3d 391, 397 (4th Cir. 2009); *Green v. Young*, 454 F.3d 405, 407 (4th Cir. 2006). Plaintiff's Complaint in the instant case does not fit within this exception to enable Plaintiff to proceed *in forma pauperis*. Plaintiff does not allege that he is in imminent danger of serious physical injury from the alleged statutory-passage issue of which he complains. Therefore, to proceed with this Complaint, Plaintiff must pay the full filing fee. <u>If Plaintiff timely pays the filing fee, his Complaint will then be subject to review by the undersigned to determine whether service of process should be authorized.</u>

Moreover, even if Plaintiff were not struck out, the Complaint filed in this case fails to state a viable § 1983 claim (or any other claim for that matter) against the named Defendant. Plaintiff's allegations that his current sentence is "null and void" and that he is being "falsely imprisoned" by the classification of his sentence are frivolous and fail to state a plausible claim in light of the landmark United States Supreme Court ruling in *Heck v. Humphrey*, 512 U.S. 477 (1994). Also, Plaintiff's understanding of the history of South Carolina's "85% sentence-service" statutes as applicable to his conviction and sentence appears to be factually incorrect. *See* S.C. Code Ann. § 16-1-20(A) (current version passed in 1995; crime, such as Plaintiff's, for which sentence may exceed

15 years is either Class A, B, or C felony); S.C. Code § 24-13-100 (enacted in 1995; "class A, B, or C felony" is a "no parole offense"); S.C. Code Ann. § 24-13-150 (enacted in 1995; prisoner convicted of "non-parole offense" must serve 85% of their sentence before they are eligible for release).

### Recommendation

It is recommended that Plaintiff's Motion for Leave to Proceed *in forma pauperis* be denied. It is further recommended that Plaintiff be given 15 days from the date the district judge rules on this Report to pay the filing fee (currently $350),[3] <u>and that the Office of the Clerk of Court withhold entry of judgment until such time expires</u>.

If Plaintiff fails to pay the filing fee within the time permitted, it is further recommended that the Complaint be dismissed without prejudice under the three-strikes rule of 28 U.S.C. § 1915(g), and that the Clerk enter the required final judgment at the close of the 15-day period permitted for payment of the filing fee.

IT IS SO RECOMMENDED.

February 24, 2014                                          Kaymani D. West
Florence, South Carolina                             United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

---

[3] Effective May 1, 2013, an administrative fee of $50 was added to the filing fee of $350, thus making the total required to be paid $ 400.

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).